UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**CITIZEN WATCH COMPANY OF AMERICA, INC.,**

    **Plaintiff,**

v.

**EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. and FORWARD AIR, INC.,**

    **Defendants.**

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.

1.    The Petition of EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. ("Expeditors") respectfully shows, upon information and belief, that it is a named Defendant in the above entitled action which is now pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, In and for the County of Miami-Dade.

2.    That on or about the 1st day of April, 2010, an Amended Complaint was served on Petitioner in the aforesaid Court by first class U. S. Mail, a copy of which is annexed hereto.

3.    Since that time, no further proceedings have been had in said action, and the time of Petitioner within which to file a Notice of Removal has not expired. The controversy herein as appears from the face of the Amended Complaint is, in substance:

An action to recover for alleged loss, damage, delay or injury to cargo transported in interstate commerce by a common carrier, wherein damages claimed exceed $10,000.00. [Amended Complaint at 1, 3]

4.   Petitioner, Expeditors, was at all times material hereto a carrier engaged in transportation subject to the jurisdiction of the Surface Transportation Board of the U.S. Department of Transportation and governed by the requirements of the provisions of an Act entitled:

> "The ICC Termination Act of 1995" approved December 29, 1995 and the various acts amendatory thereof and supplemental thereto, commonly known as the Interstate Commerce Act, being Title 49, United States Code, §13101, et seq.

[Amended Complaint at 3] [1]

5.   As recited in the Amended Complaint, this matter concerns a civil action for breach of a contract arising out of the interstate transportation of Plaintiff's merchandise from Torrance, California to Miami, Florida in 2008. [Amended Complaint at 6]

6.   The Amended Complaint alleges Expeditors' breach of an interstate shipping agreement, which claim is exclusively governed by the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, §14706. Expeditors' liability, if any, is governed exclusively by the Carmack Amendment. Smith v. United Parcel Service, et al., 296 F.3d 1244 (11th Cir. 2002) ( "... the Carmack Amendment preempts state law

---

[1] Petitioner is a federally licensed freight forwarder pursuant to Federal Motor Carrier Safety Administration Docket Number FF007940.  Petitioner respectfully requests that this court take notice of this fact pursuant to Rule 201, Federal Rules of Evidence, from the publicly accessible online records of the Federal Motor Carrier Safety Administration: http://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_carrlist.

claims arising from failures in the transportation and delivery of goods. (citations omitted).").

7. Plaintiff is seeking damages in excess of $10,000.00 [Amended Complaint at 1, 10] which meets the jurisdictional threshold set forth in 28 U.S.C. §1337(a), and this entire action is therefore removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1337(a), 1441(a), 1441(b), and 1445(b).

8. Accordingly, based on the allegations contained in the Amended Complaint, the above entitled action is a suit of a civil nature of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1337 and Title 49, United States Code, §13501, et seq., and is one which may be removed to this Court by Petitioner, the Defendant therein, pursuant to the provisions of Title 28, United States Code, §§1441 and 1445, in that it is a civil action pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, In and for the County of Miami-Dade, against a common carrier to recover damages for alleged loss, damage, delay or injury to a shipment transported in interstate commerce, arising under the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, §14706. Expeditors' liability, if any, is governed exclusively by the Carmack Amendment.

9. Expeditors is sued herein under the laws of the United States, specifically the Interstate Commerce Act and Code of Federal Regulations, and federal law exclusively governs Plaintiff's claims and alleged damages.

10. Title 28 U.S.C. § 1441(b) provides, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or rights arising under the . . . laws of the United States shall be removable without regard to

the citizenship or residence of the parties. . . .

11.     To determine whether an action "arises under" federal law for the purpose of federal question removal, the Court must look to the Complaint. <u>American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.</u>, 422 F.2d 462, 463-468 (8th Cir. 1970).

12.     The United States Supreme Court held in <u>Thurston Motor Lines, Inc. v. Rand, Ltd.</u>, 460 U.S. 533, 535 (1983):

> As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligations.

13.     In <u>Hughes Transportation v. United States</u>, 121 F. Supp. 212, 228 (Ct. Cl. 1954), the Court of Claims held:

> Transportation contracts, like contracts for services in most of the other state or federally regulated industries, such as communications and power and light, etc., are fundamentally different from the ordinary contract in that the respective duties of the contracting parties are carefully defined by statute, and their rights--indeed, their very freedom to contract in certain respects--are strictly limited by those statutes regardless of the parties' knowledge of those restrictions or of their manifest desire to contract otherwise.

14.     The United States Supreme Court has consistently held that interstate shipping contracts are creatures of federal law and governed thereunder:

> The Bill of Lading is the basic transportation contract between the shipper and the carrier; its terms and conditions bind the shipper and all . . . carriers. <u>Texas and Pacific R Co. v. Leatherwood</u>, 250 U.S. 478, 481 (1991). Each [term] has in effect the force of statute, of which all affected must take notice.

<u>Southern Pacific Transportation Co. v. Commercial Metals</u>, 456 U.S. 336, 342-343 (1982).

15.     The principle that an interstate Bill of Lading must be construed under federal

law was reiterated in <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 214 (1985):

> While the nature of the state tort is a matter of state law, the question whether the Wisconsin tort is sufficiently independent of federal contract interpretation to avoid preemption is, of course, a question of federal law.

16.  Based on the relevant facts and applicable law, this action arises under the laws of the United States within the meaning of 28 U.S.C. §§ 1331 and 1337. <u>Garrett v. Time - D.C.</u>, 502 F.2d 62 (9th Cir. 1974):

> As the shipment was interstate, the bill of lading was issued pursuant to the Federal Act, the question whether the contract thus set forth had been discharged was necessarily a Federal question. The construction of the clauses of the bill of lading, adopted by the Commission and prescribed by Congress for interstate . . . shipments presents a federal question ... Such has been the consistent ruling of this Court . . . Since the clauses of the Uniform Bill of Lading govern the rights of the parties to an interstate shipment and are prescribed by Congress and the Commission in exercise of commerce power, they have the force of federal law and questions as to their meaning arise under the laws and Constitution of the United States.

17.  This Notice of Removal is filed within thirty (30) days of Expeditors' receipt of the Amended Complaint by service or otherwise, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

18.  Petitioner desires to remove this action to the United States District Court for the Southern District of Florida.

19.  After the filing of this Petition for the removal of this action to the United States District Court for the Southern District of Florida, written notice of the filing of this Petition will be given by the attorneys for the Petitioner to the attorneys for the Plaintiff, as provided by law, and copies of this Petition will be filed with the Clerk of the Circuit Court

of the Eleventh Judicial Circuit of Florida, In and for the County of Miami-Dade.

20. Petitioner has good and sufficient defense to this action.

21. On May 20, 2009, co-defendant Forward Air, Inc. filed a notice of removal of this action to this Court based on the original complaint.

22. The action was assigned to The Honorable Patricia A. Seitz, United States District Judge, under case number 1:09-cv-21356-PAS.

23. On September 4, 2009, that action was remanded, due to Petitioner's failure to timely and explicitly consent to the removal effected by Forward Air, Inc.

24. While this is not a "second removal" since Petitioner was not the removing defendant in case number 1:09-cv-21356-PAS and the factual basis of removal here is different from that relied on in case number 1:09-cv-21356-PAS, "[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." One Sylvan Road North Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62-63 (D. Conn.1995).

25. A party may seek a second removal where, as here, there has been a subsequent pleading filed which provides the grounds for removal. S. W. S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489 (5th Cir. 1996). The court stated:

> The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.

26. This is also not a situation like that found in De La Sancha .v Taco Bell of America, Inc., 2008 WL 5111331 (S. D. Fla.), where a second notice of removal relied on the same ground as the original notice, and the evidence upon which defendant relied

existed at the time of filing the original notice.  Here, in contrast, Petitioner was not the removing defendant in case number 1:09-cv-21356-PAS, this Court found that Petitioner had not consented to that removal in a timely manner, and the grounds asserted by removing defendant Forward Air, Inc. were based on diversity, not the presence of a federal question.

WHEREFORE, Petitioner prays that this Court grant the removal of this cause to the District Court of the United States for the Southern District of Florida, in which district this suit is pending.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com

By:   /s/ LAWRENCE J. ROBERTS
      LAWRENCE J. ROBERTS, ESQUIRE
      Florida Bar No.: 343218

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on April 23, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com

By:  /s/ LAWRENCE J. ROBERTS
     LAWRENCE J. ROBERTS, ESQUIRE
     Florida Bar No.: 343218

## SERVICE LIST

**Citizen Watch Company of America, Inc. v.
Expeditors International of Washington, Inc. and Forward Air, Inc.
CASE NO.
United States District Court, Southern District of Florida**

**Notice will be electronically mailed to:**

**William E. Cassidy, Esquire**
E-mail: wcassidy@marlaw.com
CASSIDY & BLACK, P.A.
8370 W. Flagler Street, Suite 252
Miami, FL 33144
Tel: (305) 559-4962
Fax: (305) 559-2163
*Counsel for Plaintiff*
F:\Citizen Watch Co\notice.removal.wpd