UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21326-CIV-SEITZ/O'SULLIVAN

CITIZENS WATCH COMPANY
OF AMERICA, INC.,

        Plaintiff,

v.

EXPEDITERS INTERNATIONAL OF
WASHINGTON, INC. and FORWARD
AIR, INC.,

        Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand [DE-12]. This matter arises from a contract to transport goods from California to Florida. Plaintiff's Amended Complaint alleges state law claims for bailment, negligence, and breach of contract. Defendant Expeditors International of Washington, Inc. (Expeditors) removed the case to this Court. This is the second time that this case has been removed from state court. Plaintiff again moves for remand based on: (1) the basis for removal was apparent from the face of the original complaint and (2) federal law does not completely preempt Plaintiff's state law claims. Because Expeditors' basis for removal was apparent on the face of the original complaint, the Notice of Removal was untimely. Consequently, Plaintiff's Motion to Remand is granted.

**Procedural and Factual Background**

Plaintiff filed this suit on April 29, 2009 in the Circuit Court of the 11th Judicial Circuit of Florida, in and for Miami Dade County, Florida. Defendant Expeditors was served with a summons and complaint on April 30, 2009. Defendant Forward Air, Inc. was served with a

summons and complaint on May 4, 2009. On May 20, 2009, Forward Air filed its Notice of Removal based on diversity. On June 10, 2009, Plaintiff filed its Motion to Remand. On June 11, 2009, Expeditors filed a Notice of Consent and Joinder in Removal. On September 3, 2009, the Court granted the Motion to Remand because Expeditors' Notice of Consent and Joinder in Removal was untimely.

On April 5, 2010, Plaintiff filed an Amended Complaint in state court. On April 23, 2010, Expeditors filed a Notice of Removal [DE-1] based on federal question jurisdiction and, on the same day, Defendant Forward Air, Inc. filed its Notice of Consent and Joinder in Removal [DE-3]. The Removal petition states that Plaintiff's claim is governed exclusively by the Carmack Amendment, 49 U.S.C. § 14706, which preempts Plaintiff's state law claims. On May 24, 2010, Plaintiff filed its Motion to Remand.

**The Motion to Remand**

The Motion to Remand argues that Expeditor's removal was untimely because the basis for removal was apparent on the face of the original complaint. Plaintiff acknowledges that a "second notice of removal is permitted under § 1446(b), provided that it is 'through service of a copy of an amended pleading, motion, order, or other paper from which it may be **first** ascertained that the case is one which is or has become removable.'" *Deutsche Bank Nat'l Trust v. Jenkins*, 2008 WL 4218106 (S.D. Fla. 2008) (quoting 28 U.S.C. § 1446(b)) (emphasis added).[1] Plaintiff argues that this is not that case because it was apparent on the face of the original complaint that this case involved interstate commerce and the breach of an interstate shipping

---

[1] Expeditors argues that this is not a second notice of removal because Forward Air filed the first Notice of Removal and Expeditor's joinder was held untimely. This argument is irrelevant under the circumstances.

agreement. In the Notice of Removal, Expeditors asserts that such a claim is governed exclusively by the Carmack Amendment and therefore the case is removable because the claims arise under federal law.

Removal statutes are strictly construed and any doubts or ambiguities must be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing party bears the burden of demonstrating that removal was proper. *Id.* A defendant must file its notice of removal **within thirty (30) days of service of a pleading which sets forth a basis for removal.** 28 U.S.C. §1446(b) (emphasis added). Expeditors did not do this because the original complaint set forth the allegations that form the basis of Expeditors' removal.

A review of the original complaint, attached as Exhibit 1 to the Motion to Remand [DE-12-1], establishes that Plaintiff pled that: (1) Forward Air was an overland carrier of freight for hire and/or warehouseman and transported and warehoused the subject cargo; (2) Expeditors is a common carrier for the subject cargo; (3) Plaintiff contracted with Expeditors to transport the subject cargo from Torrance, California to Miami, Florida; (4) Expeditors subcontracted with Forward Air to transport the same cargo from Torrence, California to Miami, Florida; and (5) Forward Air transported the cargo by truck to Miami, Florida. A review of the Amended Complaint shows that the only relevant pleading change was Plaintiff's addition of the allegation that it transacts business in interstate commerce. *See* DE-1-2 at ¶2. Based on the allegations in the original complaint, it is clear that Plaintiff's claims involved the interstate transportation of goods by truck. These allegations are sufficient to put Defendants on notice that the complaint alleges claims that may fall under the Carmack Amendment. Thus, the original complaint, filed on April 29, 2009, set forth the basis on which Expeditors removed. However, Expeditors did

not file the Notice of Removal until nearly a year after the complaint was filed, well beyond the thirty day time limit. Consequently, Expeditors' Notice of Removal was untimely and Plaintiff's motion is granted.

Because removal was untimely, the Court need not, and will not, address the preemption arguments. Accordingly, it is

ORDERED that Plaintiff's Motion to Remand [DE-12] is GRANTED. This case is remanded to the Eleventh Judicial Circuit in and for Miami Dade County, Florida

2. All pending motions not otherwise ruled upon are denied as moot.

3. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 30 day of September, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record